UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CARPENTERS LABOR-MANAGEMENT )
PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
and )
)
ANDRIS J. SILINS, DENNIS DONAHOU )
RICHARD TRAVIS and KEVIN LONG )
as Trustees of the CARPENTERS LABOR- )
MANAGEMENT PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
Plaintiffs, )
)
v. )
)
ORION MANUFACTURING, LLC, )
a Domestic Limited Liability Company )
)
Defendant. )
_____ )

Case No.

## **COMPLAINT**

Plaintiff, Carpenters Labor-Management Pension Fund ("Pension Fund'),

and Plaintiffs, Andris J. Silins, Dennis Donahou, Richard Travis and Kevin Long

("Trustees'), in their capacities as fiduciaries with respect to the Pension Fund

(together, the "PLAINTIFFS"), by and through the undersigned counsel,

on knowledge and on information and belief, complain of ORION

MANUFACTURING LLC, a Domestic Limited Liability Company,

("DEFENDANT") as follows:

## **JURISDICTION**

1. As to Claims One, Two, and Three, this action arises under Section 515 of

the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. § 1145, Section 301 of the Labor-Management

Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and as a

federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court. Jurisdiction as to the Fourth Claim for Relief is pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

2.    Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3.    PLAINTIFF Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2),3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4.    PLAINTIFFS Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.    In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6.    The Trustees and the Pension Fund bring this action, in their respective

2

capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7.     Upon information and belief, Defendant ORION MANUFACTURING, LLC, a Domestic Limited Liability Company, is a domestic limited liability company under the laws of Connecticut and doing business in the State of Connecticut, and has a principal place of business at 800 Flanders Road, Building 4, Mystic, Connecticut 06355.

8.     DEFENDANT is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29, U.S.C. § 1002(12).

## ALLEGATIONS

9.     DEFENDANT is bound to a Collective Bargaining Agreement (the "CBA") between Orion Manufacturing, LLC and Carpenters Local Union 326, of the United Brotherhood of Carpenters and Joiners of America and the New England Regional Council of Carpenters. A true and correct copy of the CBA is attached as Exhibit "1".

10.     Upon information and belief, DEFENDANT has assumed certain reporting and contribution obligations relating to the CBA.

11.     The CBA sets forth the rate at which DEFENDANT agrees to make contributions to the Pension Fund on behalf of its employees.

12.     Pursuant to the CBA, DEFENDANT agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

13.     Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14.     Article V, Section 5.1 of the Trust Agreement requires an Employer, such as DEFENDANT, to contribute to the Pension Fund the amount set forth in the

applicable CBA.

15. Article V, Section 5.5 of the Trust Agreement requires an Employer to submit Employer's Monthly Report ("REPORTS") on contributions to the Pension Fund, and states the "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month, or 18% per annum.

20. Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages, audit fees, attorneys' fees, and costs incurred by the Pension Fund.

4

21.   Article III, paragraph (c)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750, or 20 percent of the delinquent contributions.

22.   Article IV, paragraph (a) of the Collection Procedures provides that it is the policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

23.   Article IV, paragraph (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

## FIRST CLAIM FOR DELINQUENT
## FRINGE BENEFIT CONTRIBUTIONS

24.   The allegations contained in Paragraphs 1 through 23 are hereby incorporated as if stated in full.

25.   DEFENDANT failed to properly report and make contributions pursuant to the terms of the CBA and Trust Agreement.

26.   Based on this failure, the current amount owed is $61,772.45 consisting of contributions owed on unpaid fringe benefits ($3,135.37), liquidated damages on unpaid fringe benefits ($627.07), contributions owed on audit billing ($39,875.91), liquidated damages owed on audit billing ($7,975.18), interest owed on audit billing ($10,158.92). True and correct copies of the Payroll Audit Invoice and Breakdown are attached hereto, marked respectively as Exhibits "2" and "3" and incorporated herein by reference.

27.   The Pension Fund has issued demands upon DEFENDANT demanding that DEFENDANT comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the CBA and Trust Agreement (collectively "AGREEMENTS").

28.   DEFENDANT has not complied with the Pension Fund's demands.

29.   On July 2, 2019, the Pension Fund, through its Counsel, issued further demand via email upon DEFENDANT demanding that the DEFENDANT immediately remit the delinquent contributions, with accrued interest.

30.   DEFENDANT has not complied with the Pension Fund's Counsel's email.

31.   To date, DEFENDANT remains delinquent and has failed to pay any of the contribution deficiency, or any of the accrued interest, as required by the terms and conditions of the CBA and the Trust Agreement.

32.   DEFENDANT's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in DEFENDANT currently owing the Pension Fund the principal sum of $61,772.45.  In addition, interest continues to accrue on this amount.

33.   DEFENDANT continues to fail to submit and pay its Reports.  It is Plaintiffs' information and belief that DEFENDANT was and is performing work covered under the CBA during this period.

34.   DEFENDANT's delinquency has also resulted in DEFENDANT owing the Pension Fund reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.

## SECOND CLAIM FOR RELIEF
## FOR INJUNCTIVE RELIEF

35.   PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 34 herein and allege a Second Claim for Relief as to DEFENDANT for Injunctive Relief as follows:

36.   ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

37.   Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer

plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

38. DEFENDANT has failed to submit REPORTS and/or remit full contributions to the Pension Fund for the period of November 2018 through present, and may fail to furnish REPORTS or remit contributions to the Pension Fund for subsequent months.

39. As a result of the DEFENDANT's failure to pay contributions on the dates on which its contributions were due, DEFENDANT has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

40. DEFENDANT's failure to promptly pay its delinquencies to the Pension Fund on the dates on which such contributions were due is a violation of the AGREEMENTS.

41. DEFENDANT's delinquencies to PLAINTIFFS have occurred from January 2013 and are continuing.

42. DEFENDANT will continue to refuse or fail to timely pay contributions to the Pension Fund and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless DEFENDANT is enjoined from failing to make its contributions and restrained from incurring delinquencies, the Pension Fund will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the Pension Fund will be required to bring a multiplicity of actions at law to recover the delinquencies as they occur, to the Pension Funds' great expense and hardship. Further, unless DEFENDANT is so enjoined, based on experiences with other similarly situated employers, the Pension Fund have little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing

business as a result of the financial difficulties involved in their delinquencies, and the Pension Fund is unable thereafter to collect delinquencies thus owing.

## THIRD CLAIM FOR RELIEF FOR
## SPECIFIC PERFORMANCE FOR MISSING REPORTS

43.  PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 42 herein and allege a Third Claim for Relief against DEFENDANT for Specific Performance for Missing Reports as follows:

44.  This action for Specific Performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185A) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

45.  The AGREEMENTS require DEFENDANT to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the Pension Fund.

46.  The DEFENDANT has failed to submit REPORTS and contributions for the following period: November 2018 through July 2019.

47.  The Pension Fund has no adequate or speedy remedy at law, as the Pension Fund is unable to calculate the amount owing.

## FOURTH CLAIM FOR RELIEF FOR
## BREACH OF SETTLEMENT AGREEMENT

48.  PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 47 herein and allege a Fourth Claim for Relief against DEFENDANT for Breach of Settlement Agreement as follows:

49.  On or about November 25, 2016, DEFENDANT, through Byron Foote, entered into a written Settlement Agreement ("SETTLEMENT

AGREEMENT"), a true copy of which is attached hereto, marked Exhibit "4", and incorporated herein by reference.

50.   By this SETTLEMENT AGREEMENT, DEFENDANT promised that it would pay PLAINTIFFS the sum of $16,330.16, payable by check totaling $1,500.00 as downpayment, and monthly payments of $2,000.00.  Only payments totaling $7,585.47 were made pursuant to the SETTLEMENT AGREEMENT leaving a balance of $8,744.69.

51.   By email dated July 2, 2019, notice of DEFENDANT's default and demand for payment was sent to DEFENDANT.  A true and correct copy is attached hereto, marked Exhibit "5", and incorporated herein by reference.

52.   PLAINTIFFS and PLAINTIFFS's assignors have complied with all conditions on their part to be performed under the terms of the SETTLEMENT AGREEMENT.

53.   DEFENDANT has failed to respond or in any other way comply with the terms of the SETTLEMENT AGREEMENT, with the exception of payments totaling $7,585.47.

54.   The balance of $8,774.69 is still owing on the SETTLEMENT AGREEMENT after credit for all payments received.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

A.   An injunction enjoining DEFENDANT from violating the terms of the CBA and Trust Agreement;

B.   A judgment be entered against DEFENDANT for delinquencies owed to the Pension Fund, in the amount of $61,772.45;

C.   A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 18 percent per annum, in accordance with the Trust Agreement and the Collection Procedures;

D.   A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;

E.   A judgment for submission and payment of unfiled reports, for the period of November 2018 to the present;

F.   A judgment for submission and payment of specific missing reports for November 2018 through July 2019;

G.   For the sum of $8,744.69 (breach of SETTLEMENT AGREEMENT);

H.   Such other further relief as the Court deems just and proper.

Dated: August **22**, 2019

Brian F. Quinn, Esq. D.C. Bar No. 447619
a member of
DeCARLO & SHANLEY,
a Professional Corporation
101 Constitution Ave. N.W.
Tenth Floor
Washington, DC 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com